UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLENN SCHURR ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-7135** |
| **JEROME MOLACEK ET AL** | **SECTION: "H"** |

ORDER AND REASONS

Before the Court are Defendants' Motion for Summary Judgment (Doc. 12), Plaintiffs' Motion for Additional Time to Conduct Discovery (Doc. 22), and Plaintiffs' Motion for Leave to File Supplemental Memorandum in Opposition (Doc. 38). For the following reasons, Defendants' Motion for Summary Judgment is **GRANTED**, and Plaintiffs' Motions are **DENIED**.

BACKGROUND

This is a civil action for copyright infringement by Plaintiffs Standard Mapping Service LLC ("Standard") and Glenn Schurr ("Plaintiffs") against Defendants Legend Cartography LLC ("Legend"), Jerome Molacek, Trapper Marshall, and Lucas Ragusa ("Defendants").

The parties are in the map-making business. Plaintiffs have been creating and producing marine maps and charts of the Louisiana and Gulf Coast region since 1986 by combining government data and maps with other

1

information and incorporating in-house developed illustrations, design work, and graphics. Many of Plaintiffs products incorporated two works copyrighted by Glenn Schurr in 1995 comprising an aerial photo map of Barataria Bay (VA0000683032) and an aerial photo map of Lafitte-Myrtle Grove (VA00000726955). In 2011, Plaintiffs began selling digital images of their maps on secure digital memory cards.

Defendants are newer to the scene. In December 2014, Legend produced Louisiana Unleashed ("Unleashed")—a digital map contained on a single SD card covering the entire Louisiana coast.

In February 2015, Plaintiffs released their own map of the entire Louisiana coast named Louisiana One ("La1"). Later that year, on October 29, 2015, Defendants released a new coastal map called Louisiana Geaux ("Geaux"), which used near-infrared imagery and color corrections that were not used in Unleashed.

On December 22, 2015, Plaintiffs filed a copyright application for La1 (Application No.: 1-2979736091) and other derivative works. On December 28, 2015, Plaintiffs filed suit alleging that Legends' maps Unleashed and Geaux infringe on the copyrights of their two registered works and La1. Defendants answered with counterclaims for declaratory judgments of invalidity and non-infringement and seek recovery of their costs and attorney fees.

Defendants filed the instant Motion for Summary Judgment, alleging that Plaintiffs' claims are baseless. Plaintiffs responded in opposition but also filed a Motion for Additional Time to Conduct Discovery, alleging that they required additional discovery in order to properly defend Defendants' Motion. This Court held oral argument on both of these motions on August 15, 2016. More than a month later, Plaintiffs filed a Motion for Leave to File a Supplemental Memorandum in Opposition of Defendants' Motion for

Summary Judgment. This Court will consider each motion in turn.

## LEGAL STANDARD

### I. Motion for Additional Time to Conduct Discovery

Rule 56(d) permits a court to deny a motion for summary judgment, or to defer consideration of it, pending necessary discovery. Rule 56(d) relief is available when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."[1] "Rule 56[(d)] allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose."[2] "Such motions are broadly favored and should be liberally granted."[3] Nonetheless, "a request to stay summary judgment under Rule 56[(d)] must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."[4] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[5]

### II. Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[6] A genuine issue

---

[1] Fed. R. Civ. Pro. 56(d).
[2] *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).
[3] *Id.*
[4] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010).
[5] *Id.*
[6] Fed. R. Civ. P. 56(c) (2012).

3

of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[7]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[8] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[9] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[10] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[11] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[12]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[13]

---

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[8] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

[9] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[10] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[11] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[12] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[13] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

### I.  Motion for Additional Time to Conduct Discovery

Rule 56(d) relief is available when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."[14]  "[A] request to stay summary judgment under Rule 56[(d)] must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."[15]  "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[16]

Prior to the filing of this Motion, Plaintiffs had served Defendants with Interrogatories and Requests for Production of Documents, to which Defendants responded.  Still, Plaintiffs assert that certain depositions will reveal additional information and include by declaration a non-exhaustive list of concerns.  However, numerous questions in that list have already been answered by Defendants in discovery.  Even so, simply providing a non-exhaustive list of inquiries does not satisfy the Rule 56(d) requirement that Plaintiffs explain how this non-exhaustive list will unearth material facts or how those material facts would influence the outcome of the summary judgment motion.

Plaintiffs have failed to provide this Court with any of the information required by Rule 56(d) and, accordingly, this motion is denied.

---

[14] Fed. R. Civ. Pro. 56(d).
[15] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010).
[16] *Id.*

## II. Motion for Leave to File Supplemental Opposition

Defendants' Motion for Summary Judgment came under submission on June 29, 2016, making Plaintiffs' opposition due on June 21. Oral argument was held on August 15. Thereafter, on September 16, Plaintiffs sought to supplement their opposition with a newly obtained report from an expert. The Court finds that allowing supplementation at this late date would be prejudicial to Defendants. More importantly, this Court has reviewed the supplement and finds that it would not change the conclusion reached herein.

## III. Motion for Summary Judgment

Defendants move for summary judgment on Plaintiffs' claims of federal copyright infringement and LUTPA. Defendants also seek an award of attorney's fees. This Court will address each issue in turn.

### a. Copyright Infringement

First, Defendants argue that Plaintiffs cannot succeed on their claim for copyright infringement. "To prove copyright infringement, a plaintiff must establish (1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity."[17] Defendants contend that Plaintiffs cannot establish any of these necessary elements. This Court will consider each in turn.

#### i. Ownership of a Valid Copyright

"To establish 'ownership,' plaintiff must prove that material is original, that it can be copyrighted, and that he has complied with statutory formalities."[18] "A plaintiff has complied with statutory formalities when the Copyright Office receives the plaintiff's application for registration, fee and

---

[17] *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 549 (5th Cir. 2015).

[18] *Lakedreams v. Taylor*, 932 F.2d 1103, 1107–08 (5th Cir. 1991) (citation omitted).

6

deposit."[19] Defendants do not dispute that Plaintiffs' copyright registrations are *prima facie* proof of a valid copyright. Rather, Defendants argue that Plaintiffs' maps do not contain any elements of original expression but merely ideas and facts—content not entitled to copyright protection. Plaintiffs respond that "[b]y creatively selecting, arranging, and skillfully manipulating the public domain images and data, [Plaintiffs] have transformed the otherwise unprotected elements contained in these maps into protectable subject matter when viewed as a whole."[20] Additionally, Plaintiffs claim that their maps are the result of "constant refinement going back many years, with virtually every element of the product (whether digital or printed) requiring a multitude of design choices. . . ."[21] Among other things, these choices included selecting data sources, stitching together mosaics and reconciling gaps in coverage, color corrections, and insertion of navigational charts, points of interest, elevation data, annotations and other information.[22]

"The *sine qua non* of copyright is originality."[23] Originality does not require "novelty, ingenuity, or aesthetic merit."[24] Originality requires "that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity."[25] Thus, "the copyright is limited to those aspects of the work—termed 'expression'—that display the stamp of the author's originality."[26]

---

[19] *Id.* at 1108 (citing *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386–87 (5th Cir. 1984)); *Premier Dealer Servs., Inc. v. Duhon*, No. 12-1498, 2013 WL 3984154, at *3 (E.D. La. July 31, 2013).
[20] Doc. 21 at 1.
[21] Doc. 21-1 at 4.
[22] *Id.* at 4-5.
[23] *Feist Publications v. Rural Tel. Service*, 499 U.S. 340, 345 (1991).
[24] H.R.Rep. No. 1476, 94th Cong., 2d Sess. 51 (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 5664; *see also Feist*, 499 U.S. at 345.
[25] *Feist*, 499 U.S. at 358.
[26] *Kepner–Tregoe*, 12 F.3d at 533 (quoting *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539 (1985)).

Plaintiffs' maps pass muster because Plaintiffs' selection, coordination, and arrangement of the information depicted are sufficiently creative to qualify the maps as original "compilations" of facts.[27]  Under the originality standard, bare facts are never copyrightable "because facts do not owe their origin to an act of authorship."[28]  A compilation of facts, however, may be copyrightable if the author made choices as to "which facts to include, in what order to place them, and how to arrange the collected data so that they may be used effectively by readers."[29]  The author's selection, coordination, and arrangement of facts, however, are protected only if they were "made independently . . . and entail a minimal degree of creativity."[30]

Defendants argue that these steps are no more than evidence of Plaintiffs' "sweat of the brow"—a doctrine that has been rejected in favor of an analysis focusing on the originality of the compiler's expression.[31]  Disregarding any amount of effort that was required on Plaintiffs' part, this evidence demonstrates that Plaintiffs exercised substantial judgment and discretion to reconcile inconsistencies among various sources, to select features to include in the final map, and to portray the information in a manner that would be useful to the public.  Therefore, Plaintiffs' maps display the necessary level of originality to enjoy copyright protection.

### ii. Factual Copying

"[F]actual copying, can be proved by direct or circumstantial evidence."[32]  To make out a circumstantial claim, a plaintiff must prove that (1) the defendant had access to the copyrighted work before creation of the infringing

---

[27] *Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 141 (5th Cir. 1992).
[28] *Feist*, 499 U.S. at 345.
[29] *Id.*
[30] *Id.*
[31] *Id.* at 353; *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1346 (5th Cir. 1994), opinion supplemented on denial of reh'g, 46 F.3d 408 (5th Cir. 1995).
[32] *Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007).

work and (2) the works contain similarities that are probative of copying.[33] In other words, for the circumstantial case of factual copying, the combined existence of access to the copyrighted work and similarities between the two works establishes the assumption as a matter of law that copying in fact occurred. Once a plaintiff circumstantially establishes factual copying, the defendant may rebut the circumstantial evidence if he can prove that he independently created the work.[34]

**1. Access**

The access element is satisfied if the person who created the allegedly infringing work had a reasonable opportunity to view the copyrighted work.[35] A bare possibility of access is insufficient, and any showing cannot be "based on speculation or conjecture."[36]

The question here is whether Plaintiffs have produced more than speculation and conjecture regarding access by Defendants. The parties agree on the following timeline:

| | |
|---|---|
| **May 22, 1995**: | Standard received copyrights for aerial photo maps of Lafitte-Myrtle Grove (VA0000726955) and Barataria Bay (VA0000683032).[37] |
| **Jan. 26, 2015**: | Legend's Unleashed map covering the entire Louisiana coast was placed on sale.[38] |
| **Feb. 2015**: | Standard's La1 map covering the entire Louisiana coast |

---

[33] *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 367–68 (5th Cir. 2004). Alternatively, factual copying may be proved by showing such a "striking similarity" between the two works that the similarity could only be explained by actual copying. *Id.* at 371 n.10; *see also Selle v. Gibb*, 741 F.2d 896, 904 (7th Cir. 1984) (requiring similarity "of a kind that can only be explained by copying, rather than by coincidence, independent creation, or prior common source.").

[34] *Positive Black Talk*, 394 F.3d at 367–68.

[35] *Ferguson v. Nat'l Broadcasting Co.*, 584 F.2d 111, 113 (5th Cir. 1978).

[36] *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1037 (5th Cir. 2015).

[37] Doc. 1 at ¶ 16; Doc. 12-1 at ¶¶ 33–34.

[38] Doc. 12-1 at ¶ 13.

                       was placed on sale.[39]
**Oct. 29, 2015**:   Legend's Geaux Card was placed on sale.[40]
**Dec. 22, 2015**:   Standard applies for copyright of La1 card.[41]
**Dec. 28, 2015**:   Standard files suit for copyright infringement.[42]

Plaintiffs admit that they cannot be certain if or when Legend saw Standard's products (either in finished product or source file). Plaintiffs urge the Court to allow circumstantial evidence to prove access by showing that the plaintiffs' work was widely disseminated. Plaintiffs state that their maps were used during live television broadcasts in 1999 and 2011, and that they began selling digital images in 2011 on secure digital memory cards.[43] Although this Circuit has not rejected the dissemination theory, neither has it officially adopted it, preferring instead the reasonably possibility of access standard.[44] Plaintiffs have not offered evidence or case law to support a finding that two live shows paced a dozen years apart amounts to reasonable access.

Instead, Plaintiffs assert that Defendants *must* have used the information contained in the memory cards. Plaintiffs' theory suggests that Defendants bought the memory cards, broke the encryption, and used the data contained on the cards to create Unleashed and Geaux. "Reasoning that amounts to nothing more than a 'tortuous chain of hypothetical transmittals' is insufficient to infer access."[45] "[O]nce the moving party has properly supported his summary judgment motion, the nonmoving party must rebut

---

[39] Doc. 12-1 at ¶ 14.
[40] Doc. 12-1 at ¶ 38.
[41] Doc. 1 at ¶ 21.
[42] *Id.*
[43] Doc. 21-1 at ¶¶ 4–6.
[44] *See Guzman*, 808 F.3d at 1038 (stating that "circumstantial evidence can be used to prove access either by (1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated" but declining to adopt either theory and apply instead the reasonable possibility of access standard).
[45] *Armour*, 512 F.3d at 153 (citations omitted).

10

with 'significant probative' evidence."⁴⁶  Such evidence must be sufficient on its own to "support a jury verdict in the nonmoving party's favor."⁴⁷  "Taking the access and summary judgment standards together, a plaintiff can survive summary judgment only if his evidence *is significantly probative of a reasonable opportunity* for access."⁴⁸

Plaintiffs have not offered more than speculation or conjecture over whether Defendants had access to the registered copyrighted materials before making Unleashed or that Defendants additionally had access to La1 before creating Geaux.  Plaintiffs' theory would require a jury to set aside the fact that Defendants could have used maps and data already available in the public domain—maps and data that are *current*, *free*, and *easily accessible*.

Moreover, Plaintiffs do not offer any direct evidence to support their theory.  Plaintiffs point to one declaration to establish the "wide-spread dissemination of its maps in the market, the display of the maps at tradeshows, and proof Defendant Raguso acquired Standards' maps prior to Legend's [sic] creating its own."⁴⁹  However, this declaration merely states when Plaintiffs began selling their maps on the digital cards and a short list of the types of consumers to whom they marketed and sold these cards.  Plaintiffs have not offered any direct evidence disclosing how many cards were sold over any time period, at which tradeshows they displayed their maps, or whether Defendants attended those same tradeshows.⁵⁰  Plaintiffs only offer evidence stating when they offered their material for public sale, which is not by itself significantly probative of a reasonable opportunity for access.

---

⁴⁶ *Id.*
⁴⁷ *Id.*
⁴⁸ *Id.*
⁴⁹ Doc. 21, p. 13.
⁵⁰ *Peel & Co. v. Rug Mkt.*, 238 F.3d 391, 394–97 (5th Cir. 2001) (relying in particular on evidence that the parties attended the same tradeshows where the allegedly copied material was displayed to find a reasonable possibility of access).

11

## 2. Probative Similarity

The second element—probative similarity—requires a showing that the works, "when compared as a whole, are adequately similar to establish appropriation."[51] In some cases, factual copying may be proven without a showing of access "[i]f the two works are so strikingly similar as to preclude the possibility of independent creation."[52]

Here, the parties submitted samples of their respective maps, which are not so strikingly similar that they preclude the possibility of independent creation. The samples, taken as a whole, differ in resolution, color, coverage, and vector data.

## 3. Independent Creation

Even if Plaintiffs established a *prima facie* case of copying, Defendants may still rebut that case with evidence of independent creation.[53] Defendants submitted evidence under seal depicting the method and sources used to produce Unleashed and Geaux. This evidence adequately supports a finding that the Unleashed and Geaux maps could have been independently created.

### iii. Substantial Similarity

"While the question of substantial similarity typically should be left to the factfinder, summary judgment may be appropriate if the court can conclude, after viewing the evidence and drawing inferences in a manner most favorable to the nonmoving party, that no reasonable juror could find substantial similarity."[54] To assess substantial similarity, "a side-by-side comparison must be made between the original and the copy to determine

---

[51] *Nola Spice Designs*, 783 F.3d at 550 (internal quotation marks and citations omitted).
[52] *Id.*; *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141–42 (5th Cir. 2004).
[53] *Peel*, 238 F.3d at 398.
[54] *Nola Spice Designs*, 783 F.3d at 550.

12

whether a layman would view the two works as 'substantially similar.'"[55]

"However, where the copyrighted work contains unprotectable elements, the first step is to distinguish between protectable and unprotectable elements of the copyrighted work."[56] The next inquiry is whether, from the perspective of a layman or ordinary observer, the allegedly infringing work bears a substantial similarity to the protectable aspects of the original work.[57] "Our precedents also support consideration of the importance of the copied protectable elements to the copyrighted work as a whole."[58]

Plaintiffs concede that their maps are "derivative" works, meaning that they are "based upon one or more preexisting works."[59] "The copyright in a . . . derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material."[60]

Plaintiffs do not discuss which protected elements in Standard's maps share any similarity with elements in Legend's maps. Instead, Plaintiffs argue only that "Standard's map compared to Legend's evokes the same look and feel from the user." However, Plaintiffs do not articulate what that "look and feel" might be.

Additionally, Plaintiffs concede that Unleashed "represented a starkly different" product, asserting only that Geaux is similar to Standard's products. In any case, Plaintiffs have not pointed to any protected elements or

---

[55] *Id.* (quoting *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997)).
[56] *Id.*
[57] *Id.* (citing *Peel*, 238 F.3d at 398 ("[A] layman must detect piracy without any aid or suggestion or critical analysis by others." (internal quotation marks and citation omitted)).
[58] *Id.* (citing *Positive Black Talk*, 394 F.3d at 373 n.12, abrogated on other grounds by *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010)); *Eng'g Dynamics*, 26 F.3d at 1343; *Nola Spice Designs*, 783 F.3d at 550.
[59] 17 U.S.C. § 101.
[60] 17 U.S.C. § 103(b); *see also Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 109–110 (2d Cir. 2001).

13

articulated how the "look and feel" of either Unleashed or Geaux is substantially similar to Standard's own protected works. Thus, Plaintiffs have not raised a genuine issue of material fact.[61]

In summary, Plaintiffs have not identified specific evidence in the record to show factual copying and substantial similarity—elements essential to their claim of copyright infringement. Accordingly, summary judgment is granted on this claim.

### b. LUTPA

Defendants next argue that Plaintiffs' claims under the Louisiana Unfair Trade Practice and Consumer Protection Act ("LUTPA") should be dismissed either because they are preempted by the Copyright Act or because this Court lacks jurisdiction to hear them. This Court agrees that, having dismissed Plaintiffs' copyright infringement claim, there is no longer a basis for federal jurisdiction over this matter. When all federal claims are dismissed or otherwise eliminated before trial, the court should generally decline to exercise supplemental jurisdiction over any remaining state law claims.[62] In deciding whether to continue exercising jurisdiction, courts should consider "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."[63] Having considered these factors, this Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. Summary judgment was filed early in this matter, and therefore, judicial economy and comity would be best served by declining to decide the remaining state law issues.

---

[61] *Hahn v. Hunt*, No. 15-2867, 2016 WL 2625885, at *5 (E.D. La. May 7, 2016) ("The nonmoving party on a motion for summary judgment may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.").

[62] *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 247 (5th Cir. 1999); *Petroleum v. Dresser Indus.*, 962 F.2d 580, 585 (5th Cir. 1992).

[63] *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).

### c. Attorney Fees

Finally, Defendants have asked for an award of attorney's fees in defending this lawsuit. The Copyright Act provides that a district court "may . . . award a reasonable attorney's fee to the prevailing party."[64] Although the district court has broad leeway under § 505 to determine whether to award fees, the Supreme Court has established several guidelines for the district courts. A district court may not simply award fees as a matter of course but, instead, must make a case-by-case assessment.[65] Additionally, the district court "may not treat prevailing plaintiffs and prevailing defendants any differently."[66] The district court should give "substantial weight to the objective reasonableness of the losing party's position," but must also "give due consideration to all other circumstances relevant to granting fees."[67] The "other circumstances" include "frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence."[68] "[I]n any given case, a court may award fees even though the losing party offered reasonable arguments (or, conversely, deny fees even though the losing party made unreasonable ones)."[69]

Based on an individualized assessment of this case, the Court exercises its discretion under § 505 to award Defendants their attorney's fees incurred in defending against Plaintiffs' Copyright Act claim. Defendants have offered evidence of Plaintiffs' improper motivation in pursuing this suit. Defendant Trapper Marshall stated in his declaration that "on more than one occasion, [Plaintiff Glenn Schurr] mentioned to me being upset about the price of

---

[64] 17 U.S.C. § 505.
[65] *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994).
[66] *See Kirtsaeng v. Wiley*, 136 S. Ct. 1979, 1985 (June 16, 2016) (citing *Fogerty*, 510 U.S. at 527).
[67] *Id.* at 1983.
[68] *Id.* at 1985 (quoting *Fogerty*, 510 U.S. at 534 n.19).
[69] *Id.* at 1988.

15

Legend's products. Mr. Schurr also bragged that he had used copyright suits to stop other companies."[70] The lack of factual support provided by Plaintiffs in defense of their claims makes Plaintiffs' claims appear frivolous, unreasonable, and calculated to subject a smaller competitor to the high cost of defending itself in litigation. Accordingly, Defendants are entitled to attorney's fees.

## CONCLUSION

Defendants' Motion for Summary Judgment is **GRANTED,** and Plaintiffs' Motions are **DENIED**. Plaintiffs' claims are **DISMISSED WITH PREJUDICE**, and Defendants are awarded attorney's fees and costs pursuant to 17 U.S.C. § 505. Plaintiff shall file an Affidavit of Attorney's Fees and Costs incurred in defending this suit within 21 days of this Order so that reasonable attorney's fees may be calculated.

New Orleans, Louisiana this 14th day of November, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[70] Doc. 12-4 at ¶45.